# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSSIE DAVIS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 11-cv-3401 |
| STATE FARM INSURANCE, | : | |
| Defendant. | : | |

**MEMORANDUM & ORDER**

**Joyner, C. J.**                                                  **February 28, 2013**

    Before this Court are Plaintiff's Motion Requesting Amendment of the Court's 12/13/2012 Order to Contain Language from 28 U.S.C. § 1292(b) Allowing Plaintiff to Petition the United States Court of Appeals for the Third Circuit for Immediate Interlocutory Appeal (Doc. No. 55), and Defendant's Response thereto (Doc. No. 56). For the reasons set forth in this Memorandum, the Court will deny the Plaintiff's motion.

## I. BACKGROUND

    The Plaintiff filed this action on April 28, 2011 in the Court of Common Pleas for Philadelphia County, alleging that the Defendant, State Farm Insurance, had acted in bad faith in denying her insurance claim, had breached a contract with her, and had defamed her. The Defendant removed the action to this Court on May 26, 2011 based on diversity jurisdiction.

    In her Complaint, the Plaintiff asserted the following

claims: in Count I, an insurance bad faith claim; in Count II, a claim under Pennsylvania's Unfair Insurance Practices Act; in Count III, a claim for libel; and in Count IV, a claim for breach of contract. State Farm filed an Answer to the Complaint, and the parties conducted discovery. The Defendant filed a Motion for Summary Judgment on all counts of the Complaint on October 5, 2012. The Plaintiff filed a Cross-Motion for Summary Judgment on Counts I, III and IV on October 19, 2012. The Court issued a Memorandum and Order on December 13, 2012 granting the Defendants' request for summary judgment on Counts I, II and III of the Complaint, and denying their request on Count IV. The Court also denied the Plaintiffs' cross-motion for summary judgment. (Memorandum and Order of Dec. 13, 2012, Doc. No. 53)

A full account of the facts of this case is contained in the Court's December 13, 2012 Memorandum and Order. Briefly, the Plaintiff had an insurance plan with State Farm that covered theft, and reported a claim for the theft of her vehicle on January 27, 2011. While the initial investigation into the theft claim raised no red flags, the Special Investigation Unit at State Farm was advised on February 2, 2011 that the police had surveillance footage of the insured vehicle entering a tow yard prior to the date the theft was reported. The photographs showed the Plaintiff's vehicle being towed into Tow Decision, and the date and time stamp reflected that the photos were taken on

January 25, 2011, two days prior to the Plaintiff's report of the theft and before the time she said that she had last driven her car. State Farm commenced an investigation that lasted from February 2, 2011 until March 3, 2011. In the course of this investigation, State Farm attempted to discover how the car had ended up at Tow Decision and whether it had arrived there on January 25th as the photos reflected. After the investigation was discontinued, the State Farm investigator spoke with the Plaintiff and informed her that he was going to recommend a denial of her claims because the results of the investigation showed her vehicle arriving at a tow facility two days prior to the date she said she last drove it. The Plaintiff denied that this was possible, but State Farm prepared a claim denial memo and sent it to her, terminating the claim.

In the Court's December 13, 2012 Memorandum and Order, we observed that there was clearly a genuine issue of fact as to whether the Plaintiff's car was towed into Tow Decision on January 25th, or on a later date, as the Plaintiff claimed. (Memorandum and Order of Dec. 13, 2012, at 5-6, Doc. No. 53). However, the Court concluded that this genuine issue of fact was not material to the insurance bad faith and defamation claims and granted summary judgment on these two claims.[1] The Court found

---

[1] The Plaintiff also had a claim under the Pennsylvania Unfair Insurance Practices Act in Count II of the Complaint. However, as the Court noted in the Memorandum and Order, this Act does not provide a private cause of action. Fay v. Erie Ins. Group, 723 A.2d 712, 714 (Pa. Super. Ct. 1999). The

that this issue of fact was material to the breach of contract claim, and denied summary judgment on that Count.

In deciding that there were no genuine issues of material fact precluding judgment as a matter of law on the insurance bad faith claim, the Court concluded that State Farm had a reasonable basis for denying the Plaintiff's claim, and therefore the Plaintiff could not prevail. (Memorandum and Order of Dec. 13, 2012, at 8-11, Doc. No. 53). For a plaintiff to recover for an insurance bad faith claim, she must show by clear and convincing evidence that the insurer did not have a reasonable basis for denying benefits under the policy, and the insurer knew or recklessly disregarded its lack of a reasonable basis. Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1997). The Court concluded that by performing an investigation lasting more than a month, tracking down and interviewing individuals who might have information relevant to the insured vehicle's whereabouts, and obtaining photographs that contradicted the Plaintiff's report of theft, State Farm had a reasonable basis for denying the claim. The photograph was clearly stamped with the date of January 25th, and State Farm uncovered nothing over the course of the investigation that contradicted the date stamp aside from the Plaintiff's own statement. With such information and evidence, State Farm had a

---

Plaintiff acknowledged as much, and does not seek interlocutory appeal of the Court's grant of summary judgment on this claim.

4

reasonable basis in denying the claim. In opposing summary judgment, the plaintiff did not "make a showing sufficient to establish the existence of [every] element essential to [her] case on which [she] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In granting summary judgment on the Plaintiff's defamation and/or libel claim, the Court concluded that under either of two theories, the Plaintiff did not have a claim. (Memorandum and Order of Dec. 13, 2012, at 12-15, Doc. No. 53). Under the theory presented in the Plaintiff's Complaint - that the Defendant had publicized the denial of her claim on a loss information system - the Plaintiff failed to make a showing to establish the existence of all elements of defamation/libel. Specifically, the Plaintiff did not put forth any evidence of publication. Under the theory that the Defendant published the denial of her claim to the Philadelphia District Attorney's Office, the Court concluded that the statements were privileged. We explained that under Pennsylvania law, "statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." Pawlowski v. Smorto, 588 A.2d 36, 41 (Pa. Super. Ct. 1991). Furthermore, the Pennsylvania Superior Court had found that this absolute privilege encompassed statements amounting to an accusation of a

5

crime made to law enforcement officials for the purpose of bringing criminal charges. Id. at 42. This Court concluded that the absolute privilege applied to the Defendant's communication to the District Attorney's Office, and therefore, the Plaintiff could not prevail on her defamation/libel claim as a matter of law.

Now, the Plaintiff requests the Court's leave to seek interlocutory appeal on the dismissal of these two claims from the Court of Appeals from the Third Circuit.

## II.  STANDARD OF REVIEW

A partial denial of a motion for summary judgment is not a final judgment; therefore, it is only appealable as an interlocutory appeal under 28 U.S.C. § 1292(b). See 28 U.S.C. § 1292(b); In re City of Philadelphia Litig., 49 F.3d 945, 956 (3d Cir. 1995) ("Generally, this court does not have jurisdiction to review the denial of summary judgment because such decisions are not final as required by 28 U.S.C. § 1291."). Section 1292(b) provides that when a district judge is of the opinion that an order, not otherwise appealable, involves a controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he or she may certify that order for immediate appeal.  28 U.S.C. § 1292(b).

In determining whether to certify an order for immediate appeal, the Court must determine that: (1) the order involves a controlling question of law; (2) there are substantial grounds for difference of opinion as to the correctness of the issue under consideration; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). If all of these factors are present, the court may certify an issue for immediate appeal. Id. If the district court judge approves the interlocutory appeal by written order, the Court of Appeals then has the discretion to permit the appeal. 28 U.S.C. § 1292(b).

The Third Circuit has observed that Congress intended for Section 1292(b) to be used sparingly. "[Section 1292(b)] is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958). Judges are "not to act routinely" in allowing interlocutory appeals. Id. In determining which orders should be immediately appealable, judges should consider the policies underlying Section 1292(b), which include "the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." Katz, 496

7

F.2d at 756. Finally, granting certification for immediate appeal is within the district court judge's discretion, even if all three criteria are present. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).

### III. DISCUSSION

The Plaintiff seeks the Court's leave to immediately appeal the Court's decision on the insurance bad faith claim and the defamation claim. (Pl.'s Mot. Requesting Amendment, at ¶ 5, Doc. No. 55). The Court will therefore analyze whether there is "a controlling question of law as to which there is substantial ground for difference of opinion," and whether allowing immediate appeal will materially advance the ultimate termination of the litigation on both of those claims. 28 U.S.C. § 1292(b).

#### A. Controlling Question of Law

A controlling question of law encompasses "every order which, if erroneous, would be reversible error on final appeal." Katz, 496 F.2d at 754. The Court's conclusions in our pervious opinion on both the insurance bad faith claim and the defamation claim are both controlling questions of law under this standard.

#### B. Substantial Grounds for Difference of Opinion

Substantial grounds for difference of opinion arise when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting

8

McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). "A party may establish that substantial grounds for difference of opinion exist by demonstrating that different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." Miron v. Seidman, 05-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006). "Mere disagreement with a ruling does not constitute substantial ground for difference of opinion." In re Powell, 06-4085, 2006 WL 3208843, at *2 (E.D. Pa. Nov. 3, 2006).

The Court finds that there is no substantial ground for difference of opinion on either the bad faith insurance issue or the defamation issue. The Plaintiff has put forth virtually no argument as to why there are substantial grounds for difference of opinion on the two issues and has offered no conflicting or contradictory opinions from other courts. It appears as though the Plaintiff merely disagrees with the Court's determination on those two issues.

On the bad faith insurance issue, there is no substantial ground for difference of opinion because the Plaintiff failed to carry her burden - a heightened burden of clear and convincing evidence - to make a showing sufficient to establish that the insurer did not have a reasonable basis for denying her claim, and the insurer knew or recklessly disregarded the lack of basis. At the time it made the decision on her claim, the Defendant had

9

undergone a substantial investigation and had facts that called into question the Plaintiff's narrative of the car theft. Therefore, there was a reasonable basis for the claim's denial. Given the evidence before the Court and the unequivocal controlling Pennsylvania case law setting forth the standard for a bad faith insurance claim, there is little, if any, room for disagreement with the Court's conclusion that the Plaintiff's bad faith insurance claim fails as a matter of law. The Plaintiff has put forward no arguments to make the Court question this conclusion.

    While the defamation issue is slightly less clear than the bad faith insurance issue, the Court likewise concludes that there is no substantial ground for difference of opinion over whether the absolute privilege to defamation applies in this circumstance. First of all, the Plaintiff has pointed to no contradictory opinions to disavow the Court of its previous ruling. Second, although the Pennsylvania Supreme Court does not appear to have spoken on precisely the scenario here - absolute privilege for accusation of a crime made to law enforcement officials for the purpose of bringing criminal charges - the Pennsylvania Superior Court concluded that the privilege applies to such a scenario. The Pennsylvania Supreme Court has held that statements made in the course of or pertinent to any stage of judicial proceedings are absolutely privileged. The policies

underlying this privilege support the finding of privilege in the scenario at issue here.  Although the Third Circuit could disagree, advisory authority from the Superior Court and policy support the Court's conclusion.  Therefore, the Court finds no substantial room for disagreement.

**C. Advance the Termination of Litigation**

Although the Court finds that interlocutory appeal is not warranted because there are no substantial grounds for difference of opinion on either issue, we will nevertheless analyze whether interlocutory appeal would materially advance the termination of litigation.  "The burden is on the moving party to show that certification may materially advance the ultimate termination of the litigation." Piazza v. Major League Baseball, 836 F. Supp. 269, 272 n.6 (E.D. Pa. 1993).  An interlocutory appeal materially advances litigation if it eliminates the need for trial or complex issues, or eliminates issues to make discovery easier and less costly.  See L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008); Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994).  "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." New Jersey Prot. & Advocacy, Inc. v. New Jersey Dept. of Educ., 07-2978, 2008 WL 4692345 (D.N.J. Oct. 8, 2008).

11

Again, the Plaintiff provides the Court with virtually no argument as to why this requirement for interlocutory appeal is fulfilled. The Plaintiff merely states that because she intends to appeal the dismissal of the two claims regardless of the outcome on the remaining breach of contract claim, immediate interlocutory appeal "would materially advance the ultimate termination of the litigation by avoiding an unnecessary second appeal after a trial on the only remaining count/claim." (Pl.'s Mot. Requesting Amendment, at ¶ 4, Doc. No. 55). Even if the Court were convinced that there was substantial grounds for difference of opinion on either or both of the two issues, the Court would conclude that immediate appeal would not materially advance the termination of litigation. Discovery has already occurred in this case. Immediate appeal would not eliminate the need for trial, nor would it eliminate any complex issues at trial. Although it would allow for all of the claims to be tried together, if the Court of Appeals were to find error in denying either the bad faith insurance claim or the defamation claim, neither presents complex issues that would require a lengthy or complicated trial. The Plaintiff's motion does not convince the Court that this is one of the "rare case[s] where an immediate appeal would avoid expensive and protracted litigation" that would justify deviation from the "strong policy against piecemeal appeals." Orson, 867 F. Supp. at 321. Therefore, for this

reason also, the Court denies the Plaintiff's motion seeking leave for an interlocutory appeal.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies the Plaintiff's Motion.  There are no grounds for substantial difference of opinion on the issues raised and immediate appeal would not materially advance the termination of this litigation.  A separate order follows.